# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **EDGAR HARRIS, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 6:22-cv-03152-MDH |
| | ) |
| **AFFORDABLE HOUSE ACTION BOARD,** | ) |
| et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court are defendants Affordable Housing Action Board, Sherry Blair, Jennifer Kilburn, Son Properties, LLC, "Above All Property," Stephen Nichols, Toni Nichols, At Home Real Estate Company, Robin Billings, Michelle Gipson and Amy Robinson's Motion to Dismiss (Doc. 9); defendants City of Springfield, Stephanie Pearce, Auston Wood, and Keith Coker's Motion to Dismiss (Doc. 12); and defendants the Missouri Attorney General Office and Shelby Tate's Motion to Dismiss (Doc. 25).

Plaintiffs, Edgar Harris and Michele Harris, have filed a *pro se* Complaint. The Complaint is difficult to comprehend but references violations of Section 804(b) of the Act, Title VI of the Civil Rights Act and Section 818.

Plaintiffs' handwritten complaint alleges the following "facts" (Doc. 4):

- Plaintiffs called Veronica Stevens about their living room floor "caving in;"
- Stevens indicated she was the owner of the property and would send maintenance;
- Plaintiff Michele Harris has two torn meniscus and blood pressure issues from falling (there is no specific reference to the details of this fall);
- Stephanie Pearce, Shelby Fate, Michelle Gipson, Robin Biling, Veronica Stevens, Amy Robinson, Stephen Nichols, Toni Nichols, Sherry Blair, Jennifer Kilburn, Carol, Keith Coker (building developer), Austin Woods (city health inspector) illegally evicted Plaintiffs;
- Rent was paid in full and all of these parties were involved;
- Rent was canceled by Sun Properties;

- Stephanie Pearce, license inspector, told the landlord Veronica Stevens and others that Plaintiffs were running a restaurant out of their house and had installed a commercial kitchen;
- Veronica Stevens stopped the rent payment for January and refused to accept rent;
- At Home provided information regarding Son Properties and that they didn't fix; the floor; and
- Judge Meyers allowed the eviction.

Plaintiffs further include a statement that they suffered "discrimination because of our race and disability when reporting the floor caving in." Plaintiffs contend they had a "dangerous dwelling" and were subjected to live in conditions that were hazardous to their health based on the floor caving in. Plaintiffs claim these Defendants caused Michele Harris "health problems" due to stress, mold, and broken floors. Finally, Plaintiffs claim $17.5 million in damages because Michele Harris "almost died" due to negligent, humiliation, being homeless, and not being able to find a place to live.

## STANDARD OF REVIEW

To state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "The pleading must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. American Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016)(internal quotation omitted).

## DISCUSSION

**1. Affordable Housing Action Board, Sherry Blair, Jennifer Kilburn, Son Properties, LLC, "Above All Property," Stephen Nichols, Toni Nichols, At Home Real Estate Company, Robin Billings, Michelle Gipson and Amy Robinson's Motion to Dismiss (Doc. 9).**

Defendants Affordable Housing Action Board, Sherry Blair, Jennifer Kilburn, Son Properties, LLC, "Above All Property," Stephen Nichols, Toni Nichols, At Home Real Estate Company, Robin Billings, Michelle Gipson and Amy Robinson move to dismiss Plaintiffs' Complaint arguing that pursuant to Fed. R. Civ. P. 8 Plaintiffs must state a claim for relief and have failed to do so. Defendants also argue Plaintiffs failed to comply with Fed. R. Civ. P. 10's pleading requirements.

First, Defendants argue Plaintiffs' Complaint should be dismissed for technical violations, which this Court denies. Plaintiffs filled out a court form entitled Complaint for A Civil Case and despite the Plaintiffs' unclear allegations the Court finds any alleged "technical violations" are not grounds for dismissal.

However, despite proceeding *pro se* Plaintiffs still must articulate a cause of action against Defendants and must provide Defendants with notice of what claims they are setting forth in their Complaint. The Court agrees with Defendants that Plaintiffs' Complaint it is very difficult to decipher.

In Plaintiffs' response to the motion to dismiss Plaintiffs argue about a rent dispute with Defendants, their alleged attempts to pay rent, Defendants' refusal to accept rent, Plaintiffs' eviction, and other rental disputes. However, Plaintiffs' descriptions of a dispute over an eviction, a caving floor, and rent payments do not reference any federal cause of action. Plaintiffs contend they were told they suffered further damage "because of an eviction they were not going to rent

from us." Plaintiffs being told they would not get a rental because they had previously been evicted does not state a claim for relief. (Doc. 23-1).[1]

On page 3, Doc. 23, Plaintiffs submit a "rebuttal response for motion to dismiss" and state in the last line that Plaintiffs have been "blackballed in Springfield from renting another home as a black disabled couple." This appears to be the only specific reference to "discrimination" but fails to state with any specificity what this allegation means or who Plaintiffs are referencing with regard to not being able to rent another home.

Here, despite Plaintiffs nominally referencing race and disability there is no specific cause of action raised against these Defendants. This is true even giving the Plaintiffs' allegations the most liberal construction. Plaintiffs simply have not provided enough in their pleading to put Defendants on notice of what specific allegations they believe constitute any specific legal cause of action or basis for relief in federal court. As such, the Court grants the motion to dismiss and dismisses this case without prejudice.

**2. City of Springfield, Stephanie Pearce, Auston Wood, and Keith Coker's Motion to Dismiss (Doc. 12).**

Defendants City of Springfield, Missouri, Stephanie Pearce, Auston Wood, and Keith Coker move to dismiss Plaintiffs' claims that "appear to rely on federal statutes that prohibit discrimination." Defendants summarize Plaintiffs' allegations as follows:

> Factually, Plaintiffs allege that they were renters of a residential property which experienced damage to the floor that went unaddressed by their landlords. Plaintiffs further allege that their landlords refused to accept Plaintiffs' rent payments, resulting in Plaintiffs' eviction from the property. Plaintiffs also allege that the unaddressed damage at the rental property created a hazard to their health. Plaintiffs allege that the property they were renting was under private ownership, and do not

---

[1] Plaintiffs attach a letter from Edgar Harris' current Parole Officer stating he tested positive for alcohol but has followed stipulations of his parole. It is unclear what relevance this letter has to Plaintiffs' claims. (Doc. 23-1).

4

allege that the City of Springfield, Missouri had any duty or even any ability to address the conditions of which they complain.

This Court agrees with Defendants' summary of the allegations.

First, Plaintiffs have failed to set forth a theory of liability as to the City of Springfield based on the allegations contained in their Complaint. As stated in Defendants' motion, "[it] is unclear from the Complaint if Plaintiffs believe that the City is vicariously liable for the actions of any or of all of the three City employees who are named defendants, or if Plaintiffs believe the City has liability on some separate theory" and based on the lack of information it is unclear whether any immunity might apply to the claims.

In addition, despite naming Auston Wood and Keith Coker as defendants there are no specific allegations regarding these two individuals. Further, Wood is identified by Plaintiffs as a "city health inspector" and Defendants state he has never held this position. As a result, Defendants cannot determine what, if any, claims are brought against these Defendants. This Court agrees.

Plaintiffs' response to the motion to dismiss again sets forth numerous allegations regarding a rental dispute. Plaintiffs argue Stephanie Pearce told Michele Walker that Plaintiffs were running a commercial kitchen and ruined the floors. This does not state a legal cause of action. Plaintiffs state that Austin Woods showed up "unexpectedly" at the house and did not find a commercial kitchen. Plaintiffs allege Woods took pictures of the home. This is not enough to state a legal cause of action. Plaintiffs' response alleges Keith Coker was a "second inspector" that came to the home. Plaintiffs allege Coker did not go in the house because Woods had already been there and he was going to close the case. Again, this does not state a legal cause of action or

5

theory against any of these Defendants and Plaintiffs fail to articulate any cause of action, either in the complaint, or the briefing, that would survive a motion to dismiss.[2]

Defendants argue that Plaintiffs' Complaint fails to meet the most basic pleading standards and deprives the Defendants of notice of the claims against them. This Court agrees that Plaintiffs' Complaint, given the most liberal interpretation, fails to state a claim against Defendants City of Springfield, Stephanie Pearce, Auston Wood, and Keith Coker. As a result, Plaintiffs' Complaint against these Defendants is dismissed without prejudice.

**3.     The Missouri Attorney General Office and Shelby Tate's Motion to Dismiss (Doc. 25).**

Defendants the Missouri Attorney General's Office and Shelby Tate, one of its former employees, argue Plaintiffs fail to make any factual allegations whatsoever against these Defendants. Defendants argue that Plaintiffs "seem to allege" that they experienced race and disability discrimination and were subjected to unsafe housing conditions but fail to actually allege any wrongdoing against these Defendants that state a cause of action. The Court agrees that while Plaintiffs reference federal discrimination laws, nothing in the Complaint suggests that the Attorney General's Office or Ms. Tate discriminated against Plaintiffs or took any actions against Plaintiffs. Again, Plaintiffs do not describe any specific actions that these Defendants took, or failed to take, and Plaintiffs fail to plead any facts that would give rise to a plausible inference of discrimination.

Finally, Defendants contend even assuming Plaintiffs are upset that Defendants failed to investigate, sue, or prosecute their landlord, such a claim would be barred by sovereign and official

---

[2] Plaintiffs' response includes attachments showing Plaintiffs applied for a vendor site permit, applied for a home based business (cakes, pies, muffins, breads), applied for a food establishment permit, a farmers' market permit, and received correspondence regarding the same. The Court finds nothing in these correspondence that relates to any allegations of discrimination or any action taken with regard to Plaintiffs by these Defendants. (Doc. 22-1).

immunity. Missouri law affords sovereign immunity to public entities from liability and suit "for negligent acts or omissions" unless a statutory exception applies. RSMo. § 537.600.1. See *Taylor v. St. Louis Cnty. Bd. of Election Comm'rs*, No. 4:07CV1544 TCM, 2008 WL 250367, at *2 (E.D. Mo. Jan. 29, 2008). Similarly, public officials such as Ms. Tate are protected by official immunity from liability arising out of their discretionary acts or omissions. *E.g., Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 585 (8th Cir. 2006). Conducting (or not conducting) a government investigation is a "discretionary" act for purposes of official immunity. *Id.* This Court agrees that Plaintiffs have failed to state a claim against these Defendants and the motion to dismiss is granted. Plaintifffs' claims are dismissed without prejudice.

### 4. Rooker/Feldman Doctrine

Lastly, it is unclear whether Plaintiffs are attempting to challenge the underlying state court eviction. However, if Plaintiffs' Complaint includes such a challenge that claim would also be dismissed pursuant to the *Rooker/Feldman* doctrine. Under *Rooker/Feldman*, a party losing in state court is barred from seeking appellate review of the state judgment in federal district court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S. Ct. 2647, 2654, 129 L. Ed. 2d 775 (1994). Here, to the extent Plaintiffs are challenging the state court's order of eviction any such claim would be barred.

### CONCLUSION

Wherefore, for these reasons stated herein, the Court grants the motions to dismiss and dismisses Plaintiffs' Complaint without prejudice. The Court further finds Plaintiffs' Motion for Courts to Intervene for Non-Filing of Proposed Scheduling Order and Discovery (Doc. 35) and defendants The Missouri General's Office and Shelby Tate's Motion to Stay Discovery,

Mediation, and Other Rule 26 activities (Doc. 38) are rendered moot by this Court's Order granting the motions to dismiss.

**IT IS SO ORDERED.**

Dated:  October 20, 2022                           */s/ Douglas Harpool*

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**